

Michael G. Rhodes
+1 415 693 2181
rhodesmg@cooley.com


January 9, 2018

Honorable William H. Pauley III
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007


**Re:  Letter-Motion Requesting Motion Conference, *Cohen v. Casper Sleep Inc. et al.*, No. 1:17-cv-
09325-WHP**

Dear Judge Pauley:

Pursuant to Your Honor's Individual Practices, Defendant Casper Sleep Inc. ("Casper") requests a pre-motion conference regarding a proposed motion to dismiss Plaintiff's Class Action Complaint (the "Complaint" or "Compl.") pursuant to Federal Rules of Civil Procedure, Rules 12(b)(1) and 12(b)(6).  Casper received NaviStone Inc.'s letter requesting a pre-motion conference to file a motion to dismiss.  For the reasons that follow, Casper joins in that request.

Defendant Casper is an online retailer and innovative designer of mattresses and other sleep products headquartered in New York City.  Defendant NaviStone Inc. ("NaviStone") is alleged to be an online marketing company. The Complaint alleges that Plaintiff visited the casper.com website a number of times over a six-month period in 2017, but did not make a purchase.  (Compl. ¶ 2.)  The Complaint further alleges that during that time period Casper's website contained code created by NaviStone that allowed NaviStone to collect communications made between a user and casper.com.  Plaintiff asserts claims against Casper for allegedly violating 18 U.S.C. §§ 2510, *et seq.* (the "Wiretap Act") under several theories. These include that Casper: (1) intercepted alleged communications between users and casper.com; (2) procured interceptions of communications between users and casper.com; (3) used unlawfully intercepted communications; (4) disclosed unlawfully intercepted communications; and (5) received a device primarily intended to effect unlawful interceptions.  (Compl. ¶¶ 49-61.)  The Complaint suffers from multiple fatal defects and should be dismissed.

First, the Complaint fails to state a claim upon which relief can be granted and therefore should be dismissed under Rule 12(b)(6).  Plaintiff has not specified any communication that was allegedly intercepted; has not alleged that any interception captured the contents of a communication; has not explained how Casper could have unlawfully intercepted a communication *with its own website*; and has not alleged that Defendants intercepted a communication in transit.  Moreover, a careful read of the Complaint shows that Plaintiff alleges in conclusory terms that *NaviStone*, not Casper, intercepted communications.  But the Wiretap Act does not create secondary civil liability or civil liability for "procuring" an interception, so Plaintiff's attempt to ensnare Casper in the alleged conduct of NaviStone fails. Furthermore, there is no private right of action as to 18 U.S.C. § 2512, which prohibits the manufacture, purchase, and use of devices whose primary purpose is to effect unlawful interceptions.

Second, Plaintiff does not allege that he suffered any actual harm from the alleged interceptions and thus cannot establish Article III standing.  Under Rule 12(b)(1), the Complaint must be dismissed on this ground alone.



Honorable William H. Pauley
January 9, 2018
Page Two

**Failure to State a Claim Under 18 U.S.C. § 2511**.  The allegations in the Complaint fail to state a claim under the Wiretap Act.  Plaintiff alleges that Defendants violated 18 U.S.C. § 2511(1)(a) by unlawfully intercepting communications between Plaintiff and casper.com (Compl. ¶¶ 49-50); violated 18 U.S.C. § 2511(1)(c) by disclosing communications between Plaintiff and casper.com that Defendants knew were unlawfully intercepted (Compl. ¶¶ 51-52); and violated 18 U.S.C. § 2511(1)(d) by using the contents of communications between Plaintiff and casper.com that Defendants knew were unlawfully intercepted (Compl. ¶¶ 53-54).  Plaintiff further alleges that Casper violated 18 U.S.C. § 2511(1)(a) by procuring NaviStone to unlawfully intercept communications between Plaintiff and casper.com.  (Compl. ¶¶ 55-56.) However, the Complaint fails to state a claim under any of these provisions.

First, an alleged interception is not unlawful under 18 U.S.C. 2511, *et seq.*, if it is intercepted by a party to the communication or if a party to the communication consents to the interception.  18 U.S.C. § 2511(2)(d).  Because Plaintiff alleges that his communications *with casper.com* were intercepted (Compl. ¶ 31), he has conceded that Casper is a party to the communications at issue. This precludes liability for Casper, who was the intended recipient, and for NaviStone, as the Complaint alleges that NaviStone collected data from casper.com with Casper's consent.  *See, e.g., In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 274 (3d Cir. 2016) (finding no liability where "Google was either a party to all communications with the plaintiffs' computers or was permitted to communicate with the plaintiffs' computers by Viacom, who was itself a party"); *In re DoubleClick Inc. Privacy Litig.*, 154 F. Supp. 2d 497, 514 (S.D.N.Y. 2001) (holding that websites that had authorized defendant to collect information from their sites were parties to the communication and therefore not liable under the Wiretap Act).  That all of the allegedly intercepted communications were with casper.com not only defeats liability under § 2511(1)(a), but also under §§ 2511(1)(c) and (d).  As no alleged communication could have been unlawfully intercepted, Casper could not have disclosed or used any unlawfully intercepted communications.

Second, the Complaint fails to identify any specific communication that was allegedly intercepted. The Complaint does not allege what specific keystrokes, mouse clicks, or "other electronic communications" Plaintiff claims were actually intercepted by Defendants.  This alone is grounds for dismissal.  Moreover, while the Wiretap Act prohibits the interception of the "contents of a communication," it does not prohibit the interception of "record information."  *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014). Courts routinely find that record information—such as user names, email addresses, account names, and mailing addresses—does not constitute the contents of an electronic communication, and therefore its collection cannot create liability under the Wiretap Act.  *E.g.*, *Svenson v Google Inc.*, 65 F. Supp. 3d 717, 729 (N.D. Cal. 2014).  The Complaint thus fails to identify what specific, non-record information Plaintiff alleges was intercepted.  In fact, the Complaint alleges *only* the *hypothetical* collection of record information.

Third, Casper is not alleged to have intercepted electronic communications itself.  Instead, Casper is alleged to have procured the alleged interceptions.  (Compl. ¶ 50.)  Courts have consistently rejected civil liability under such a theory.  *E.g.*, *Peavy v. WFAA-TV, Inc.*, 221 F.3d 158, 169 (5th Cir. 2000) ("[W]e must assume Congress meant what it said in the amendment. Accordingly, 'that violation' refers only to illegal interception, disclosure, or use, and *not* to procuring interception by another.").

Fourth, the Complaint fails to allege that any communication was captured "in transit" between Plaintiff and casper.com, and rather appears to allege that the alleged code caused communications to be sent directly from Plaintiff to NaviStone's servers.  As such, the Complaint does not allege the "interception" of a communication.  *See Directv, LLC v. Wright*, No. 15-CV-474-FPG, 2016 WL 3181170, at *5 (W.D.N.Y. June 3, 2016) ("[I]n short, an interception requires a capture of the communication while it is in transit.").

**Failure to State a Claim Under 18 U.S.C. § 2512.**  Plaintiff alleges that Casper is liable for violating § 2512 of the Wiretap Act, which prohibits the manufacture, purchase, or receipt of a device whose primary



Honorable William H. Pauley
January 9, 2018
Page Three

purpose is to effect unlawful interceptions. (Compl. ¶ 61.)  However, there is no private right of action for a violation of § 2512.  *See, e.g.*, *DirecTV v. Deskin*, 363 F. Supp. 2d 254 (D. Conn. 2005); *DirecTV, Inc. v. Hart*, 366 F. Supp. 2d 315 (E.D.N.C. 2004).

     **Lack of Article III Standing**.  For this Court to have subject-matter jurisdiction, Plaintiff must allege an injury-in-fact that gives rise to Article III standing. While Plaintiff alleges that Defendants could have collected unidentified keystrokes, mouse clicks, and other electronic communications while interacting with the Casper website (Compl. ¶ 4), the Complaint does not allege what specific information from Plaintiff, if any, was actually intercepted and how the alleged interception caused Plaintiff any economic or other harm. The Complaint hypothesizes that NaviStone could have collected the name of a theoretical user living at "123 State Street," as well as "other" personally identifying information.  (Compl. ¶¶ 31, 34, 35.)  But the Complaint fails to allege that Plaintiff himself ever entered *any* of this information on casper.com.  *See Mount v. PulsePoint, Inc.*, 2016 WL 5080131, at *4 (S.D.N.Y. Aug. 17, 2016), *aff'd*, 684 F. App'x 32 (2d Cir. 2017), *as amended* (May 3, 2017) ("[T]he named plaintiffs must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." (quotations and citation omitted)).  Moreover, even had the Complaint identified the contents of Plaintiff's specific communications that were allegedly intercepted, Plaintiff does not allege how the collection of information that he knowingly typed or clicked on casper.com could cause a cognizable injury.

     For the foregoing reasons, Casper respectfully requests that the Court hold a pre-motion conference on its anticipated motion to dismiss the Complaint.  In the alternative, Casper respectfully requests that the Court direct the parties to meet and confer on a briefing schedule for that motion, and to submit a stipulation and proposed order.  Casper continues to analyze the Complaint's defects and may identify additional grounds for dismissal.

Sincerely,

Michael G. Rhodes